UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| KIRK FAMILY REVOCABLE TRUST, | ) | |
|---|---|---|
| COLE KIRK, and LINDA KIRK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-68-TCK-FHM |
| | ) | |
| FLINT RIDGE PROPERTY OWNERS | ) | |
| ASSOCIATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiffs' Motion to Remand and for Costs (Doc. 23), which was filed September 23, 2008.

**I.      Factual Background**

Plaintiffs are property owners within the Flint Ridge Property Owners Association ("POA"). According to Plaintiffs' Petition, which is not disputed for purposes of this motion, the Flint Ridge neighborhood is located in Adair County, Oklahoma. On December 21, 2007, Plaintiffs, appearing *pro se*, filed suit in state court in Adair County ("Adair County Court"), alleging six causes of action against POA, Charles N. Clark, William J. Butler, Steve Dulaney, and an unnamed board of directors. The first five causes of action arise under state law. The sixth cause of action, labeled one for "fraud," alleges that Defendants violated the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. § 1701, *et seq*. On February 11, 2008, POA removed the case to this Court, alleging the existence of federal question subject matter jurisdiction based on the ILSFDA claim. POA had not yet been served with process but received actual notice of the lawsuit through a public newspaper.

1

On May 27, 2008, the parties filed a Joint Status Report. Therein, Plaintiffs objected to venue in this district because Adair County is located in the Eastern District of Oklahoma, but Plaintiffs did not file any related motion. Plaintiffs also indicated a desire to amend their Petition. POA proposed that the parties submit a supplemental status report after all Defendants had been served with the amended Petition. On May 27, 2008, the Court set a deadline of June 23, 2008 for Plaintiffs to file an amended Petition and allowed them until July 23, 2008 to effect service of the amended Petition.[1] By August 5, 2008, Plaintiffs had failed to amend their Petition or effect service upon any Defendant. On August 8, 2008, the Court denied Plaintiffs' motion for further extension of time to amend their Petition but granted Plaintiffs until August 15, 2008 to effect service of the original Petition upon Defendants. The Court advised Plaintiffs that failure to effect service by this date may result in dismissal pursuant to Federal Rule of Civil Procedure 4(m). On August 15, 2008, Plaintiffs effected service of their original Petition upon POA but failed to effect service on any other Defendants.

On September 4, 2008, POA filed a motion to dismiss, arguing that all but one of Plaintiffs' claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Instead of responding to this motion, Plaintiffs filed the motion to remand currently before the Court. Plaintiffs argued that 15 U.S.C. § 1719, which is part of the ILSFDA, is an anti-removal provision that mandates remand to Adair County Court. Plaintiffs also stated:

> Adair County is located in the Eastern District of Oklahoma not the Northern District. It was the Plaintiffs belief after reading the US Code as what a removal meant, that the Eastern District of Oklahoma should have been the proper Venue to hear the case. Plaintiffs and Defendant POAs Counsel have conferred on the proper

---

[1] The deadline for effecting service of the original Petition was April 21, 2008 and had passed. The Court's previous reference to April 21, 2007, (*see* 8/8/08 Order n.1), was in error.

2

venue issue while preparing the Joint Status Report and in telephone conversations. Plaintiffs disputed the Venue in the Joint Status Report. . . . Plaintiff has also prepared a Motion for Change of Venue.

(Mot. to Remand ¶¶ 5, 6, 17.) To date, Plaintiffs have not filed a motion to transfer venue.

## II. Motion to Remand to Adair County

Plaintiffs are correct that 15 U.S.C. § 1719 is an anti-removal statute that, upon a timely motion to remand, requires remand to the state district court in which the action was brought. *See* 15 U.S.C. § 1719 (providing that no case arising under the ILSFDA "may be removed to any court of the United States, except where the United States . . . is a party"). However, POA is correct that removal of a claim in violation of a statutory prohibition, such as 15 U.S.C. § 1719, constitutes a "procedural" defect in removal rather than a "jurisdictional" defect. *See Wilson v. Lowe's Home Center, Inc.*, 401 F. Supp. 2d 186, 189 (D. Conn. 2005) ("[R]emoval of a case in violation of an anti-removal provision does not create a substantive jurisdictional defect if the case could have been brought in district court initially.") (discussing statutory prohibition on removal of state worker's compensation claims); *see also Vasquez v. N. County Transit Dist.*, 292 F.3d 1049, 1062 (9th Cir. 2002) (holding that statutory prohibition on removal of state worker's compensation claim was "nonjurisdictional and may be waived").[2] Because removal in violation of a statutory prohibition is considered a procedural defect, it must be raised within thirty days following removal or is waived. *See* 28 U.S.C. § 1447(c) ("A motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."); *Vasquez*, 292 F.3d at 1062 (holding that a party failing to raise statutory prohibition on

---

[2] The Court was unable to locate cases discussing this principle in the specific context of 15 U.S.C. § 1719. However, the principle espoused in *Wilson* and *Vasquez* appears to apply to all anti-removal provisions, including § 1719.

3

removal within thirty days waived its right to object). In this case, Plaintiffs' motion to remand was filed almost 200 days following removal. Therefore, Plaintiffs waived any objection to removal based on the anti-removal provision contained in 15 U.S.C. § 1719.

Plaintiffs' Motion to Remand raises a second defect in removal – the fact that POA removed the case to the wrong district court. Because Adair County is located in the Eastern District of Oklahoma, that was the only federal venue into which the action could properly be removed. *See* 28 U.S.C. § 1441(a) (stating that an action "may be removed . . . to the district court . . . embracing the place where the action is pending"); *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir. 2002) ("There is only one federal venue into which a state court action may be removed, and that is in the statutorily dictated 'district court . . . for the district and division embracing the place where [the state court] action [was] pending.'") (quoting 28 U.S.C. § 1441(a)); *PT United Can Co., Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72 (2d Cir. 1998) (stating that "a party may challenge removal as itself improper, or as having been made to the wrong district court if the case was removed to a district court other than that 'embracing' the state court in which the action was brought"). However, removal to the wrong district is also a procedural defect rather than a jurisdictional defect; as such, it must be raised within thirty days following removal. *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1394 (11th Cir. 1997) (holding that "failure to comply with the geographic requirements of § 1441(a) is a procedural defect that does not deprive a district court of subject matter jurisdiction in a removed case"). By failing to timely object, Plaintiffs have also waived any objection to removal based on 28 U.S.C. § 1441(a).

The Court researched whether a district court had discretion to excuse or toll the thirty-day requirement based on excusable neglect or a plaintiff's *pro se* status. However, the Court was

4

unable to locate any authority granting a court discretion to extend or equitably toll the time for filing a motion to remand in the interest of justice or fairness to the non-removing party. Instead, authority indicates that such requirement is mandatory and strictly enforced. *See Fed. Deposit Ins. Corp. v. Loyd*, 955 F.2d 316, 322-23 (5th Cir.1992) (holding that "procedural questions concerning removal must be presented . . . within thirty days in order for remand to be possible") (reasoning that Congress intended revisions to § 1447(c) to prevent "unnecessary and burdensome eleventh-hour remands based solely on procedural defects in removal" and that the "purpose of the thirty-day requirement is to ensure that procedural defects be raised, if raised at all, within thirty days of removal"); *Quested v. Mortgage Plus, Inc.*, No. 01-1394, 2002 WL 810301, at * 2 (D. Kan. April 15, 2002) (stating that denial of motion to remand was mandated based on "Congress' intent in drafting the time limit of § 1447(c), which was designed to prevent the shuffling of cases between state and federal courts after the first thirty days based on purely procedural defects when each court has subject matter jurisdiction"). Therefore, the Court is without discretion to deem Plaintiffs' motion to remand timely.

Similarly, the Court considered whether it had authority to *sua sponte* remand this case based on either the statutory prohibition contained in 15 U.S.C. § 1719 or POA's failure to comply with the geographical component of 28 U.S.C. § 1441(a), without regard to the length of time that has elapsed following removal. However, the Court's research revealed that a court does not have authority to *sua sponte* remand a matter based on a procedural defect when the Court's remand order would fall outside the thirty-day window. *See Loyd*, 955 F.2d at 323 (holding that district court exceeded its statutorily defined authority by *sua sponte* remanding a case outside the thirty-day period provided in 28 U.S.C. § 1447)(c)) ("[W]e can think of no compelling reason for a district

court to have any interest in remanding the case for a procedural defect after thirty days, so long as it has subject matter jurisdiction."). Therefore, the Court does not have authority to remand the case *sua sponte* based on the procedural defects identified by Plaintiffs.

POA's removal was clearly defective. There is an anti-removal provision contained within the federal law upon which removal was based, and the case was removed to the wrong district court. However, Plaintiffs failed to timely raise these procedural defects, and they have been waived. This is a harsh result that strips Plaintiffs of their chosen forum. However, a plaintiff who elects to proceed *pro se* does so at his own peril. *See United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977) ("The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer."). In addition, there is no legal principle "prohibiting a claimant from accepting an opposing party's choice of forum." *Green Tree Fin. Corp. v. Arndt*, 72 F. Supp. 2d 1278, 1284 (D. Kan. 1999) (explaining that "the procedural manner by which this case came to federal court is unorthodox" but that it must remain in federal court because plaintiffs "did not seek to remand the case until four months after it was removed"). Accordingly, Plaintiffs' motion to remand is denied.

**III.** *Sua Sponte* **Transfer of Venue to Eastern District of Oklahoma**

Title 28, section 1404(a) of the United States Code provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute was enacted "as a federal housekeeping measure, allowing easy change of venue within a unified federal system." *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (quotations omitted).

In determining whether a transfer of venue is appropriate, a district court makes an "individualized, case-by-case consideration of convenience and fairness." *Chrysler Credit Corp.*, 928 F.2d at 1515 (quotation omitted). A district court should consider the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* (quotation omitted). A district court may transfer a case *sua sponte* pursuant to § 1404(a), and a motion is not required. *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989).

The Court finds that relevant factors weigh in favor of transfer to the Eastern District of Oklahoma. Plaintiffs' chosen forum was Adair County Court. Adair County is located in the Eastern District of Oklahoma, and the Eastern District of Oklahoma is certainly a more desirable forum for Plaintiffs than the Northern District of Oklahoma. Although they did not file a motion to transfer venue, Plaintiffs indicated their desire to litigate the case in the Eastern District of Oklahoma, both in the Joint Status Report and in the Motion to Remand. The Court is without details regarding potential witnesses and proof; however, Plaintiffs' claims center on the actions of POA. According to Plaintiffs' Petition, POA is a property association with its principal office in Adair County. (Pet. ¶ 2.) Thus, it seems that all witnesses and proof are located in the Eastern District of Oklahoma. Finally, the "considerations of a practical nature that make a trial easy, expeditious and economical" weigh in favor of transfer. There is no discernable reason why POA removed the case to the Northern District of Oklahoma or desires to have the case heard by this Court, since Plaintiffs, POA, and all potential proof are located in the Eastern District of Oklahoma.

7

Accordingly, the Court exercises its discretion to transfer the case to the Eastern District of Oklahoma.

IV.   *Sua Sponte* **Dismissal of Unserved Defendants**

The Court granted Plaintiffs a significant extension of time to effect service of process of its Petition and expressly warned Plaintiffs that failure to effect service would result in dismissal pursuant to Federal Rule of Civil Procedure 4(m). Plaintiffs have failed to effect service upon any Defendant except POA. The Court therefore dismisses all other Defendants from the lawsuit pursuant to Rule 4(m).

V.   **Conclusion**

Plaintiffs' Motion to Remand and for Costs (Doc. 23) is DENIED. The Court *sua sponte* DISMISSES all claims against Charles N. Clark, William J. Butler, Steve Dulaney, and the unnamed "board of directors" pursuant to Federal Rule of Civil Procedure 4(m). The Court *sua sponte* TRANSFERS this case to the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1404(a).[3]

**DATED** this 20th day of November, 2008.

TERENCE KERN
United States District Judge

---

[3] POA's Motion to Dismiss (Doc. 22) remains pending.